COMPAÑÍA TEATRAL DE SANTURCE, Plaintiff and Appellant, *v.* RAMÓN LLOVERAS SOLER ET AL., Defendants and Appellees.

No. 4582.   Argued February 1, 1929.—Decided November 14, 1929.

*Tous Soto & Quiñones,* for appellant.   *Juan B. Soto* and *C. Pesquera,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Compañía Teatral de Santurce filed a complaint against Ramón Lloveras Soler and Francisco Rodríguez based on two causes of action.   It was alleged in the first that Ramón Lloveras Soler in his capacity as owner of a house, which is described and has an area of 696.87 square meters, leased the same together with the theatre and cinema installation therein to Francisco Rodríguez for a term of five years which expired on May 31, 1928; and that it had been stipulated between the parties that the lessee bound himself to keep in a good state of repair and clean condition the leased premises as well as the furniture and fixtures appertaining thereto, and to return the property in the same good condition in which he had received it.   Plaintiff further alleged that on the very day the contract was executed Rodríguez assigned it to the Compañía Teatral de Santurce with the knowledge and acquiescence of the lessor Lloveras, who has

since continuously recognized plaintiff as successor to all the rights and obligations arising under the lease, subrogated in place of Rodríguez, who was thus eliminated from the contract; that plaintiff and Rodríguez have performed their obligations under the lease and that Lloveras refuses to maintain or allow the Compañía Teatral de Santurce in the peaceful possession and enjoyment of the leased property. It was alleged in the second cause of action that in 1926 Lloveras sued Rodríguez in unlawful detainer for failure to pay the rent and obtained a judgment ordering him to vacate the premises and its accessories, without the Compañía Teatral de Santurce having ever been served with notice of the complaint in the action; that all the rent instalments had been deposited in court in the unlawful detainer proceedings and withdrawn by Lloveras without any protest or reservation whatsoever on his part; and that Lloveras now seeks the execution of a judgment against Rodríguez by evicting the plaintiff company from the aforesaid property.

On the above allegations the plaintiff prayed that the district court declare the lease assignment made by Rodríguez in favor of the plaintiff company to be valid and binding; that it order Lloveras to perform the contract of lease for the benefit of the company, as assignee of Rodríguez; that it decree and adjudge that the judgment in the unlawful detainer action against Rodríguez does not affect the plaintiff herein, and that the cause of action therein has abated; and that it enjoin Ramón Lloveras Soler from executing the said dispossess judgment in so far as it may affect the plaintiff.

In the instant case it is denied in the verified answer of Lloveras that Rodríguez had assigned his contract to the Compañía Teatral de Santurce; that Lloveras had been notified of any assignment of the said contract; that he had consented to such assignment; or that he has recognized plaintiff as a successor of his tenant, Rodríguez. The defendant did not deny having obtained a dispossess judgment

against Rodríguez, and submitted no prayer for affirmative relief.

Thereafter Lloveras filed in the court a petition for injunction in which he alleged that pursuant to the contract of lease, which according to the plaintiff had been assigned to it, the lessee was bound to keep the premises, furniture, etc., in a clean and good condition; that plaintiff had neglected the property to such an extent that the same was in a ruinous condition, with the roof completely rotten and on **the point of falling in and that if it** fell it would shake the walls, destroy the floors, balconies, inside partitions, and furniture and cause the death of many human beings; and that the cinema business would be wholly destroyed thereby causing him irreparable damage. He concluded with a prayer that plaintiff be commanded to build the roof of the building including its rafters and to repair the floors, doors and windows thereof or to replace them with others.

Plaintiff opposed the petition, but the court, after hearing the evidence, granted the preliminary injunction asked and on March 6, 1928, (two months before the expiration of the lease) ordered the Compañía Teatral de Santurce to rebuild the roof of the building and the inside partitions and to repair the floors, doors and windows of the building, and imposed the costs on the company.

From that order the plaintiff company took the present appeal without sending up the evidence heard.

Were it not that the appellant has been mulcted in costs, we would dismiss the appeal as academic because, the lease having expired in May of last year, the appellant, being no longer a lessee, could not in that capacity be required to execute the work.

Although the plaintiff, appellant herein, alleges in its complaint that it is an assignee of the lease executed by Lloveras to Rodríguez and that it succeeded to all the rights and obligations of Rodríguez thereunder with the knowledge of the lessor, the latter denies in his answer that capacity

to the plaintiff; consequently, since he does not recognize plaintiff as his tenant by substitution he has no cause of action to exact from it the performance of any duties as such tenant, especially since he has not asked the court for any affirmative relief that might be protected or secured by the preliminary injunction, which, besides, could not be made permanent for want of a principal action to be thereby sustained.

If Lloveras were to prevail in the action against him, it must be held in the judgment that Compañía Teatral de Santurce was not his tenant by assignment from Rodríguez, since such is the essential fact of the complaint controverted in the answer; hence the plaintiff could not be compelled to perform any obligations as lessee. There is also another ground, namely, that the lease having been rescinded by the dispossess judgment no obligations arising therefrom could be demanded.

Appellee seeks to have appellant compelled to the specific performance of the lease contract, thus trying to secure by a preliminary injunction what he would be unable to obtain by an ordinary action, and it is an accepted rule that an injunction as a remedy to compel specific performance will be denied, especially when a mandatory injunction is asked, as the same is very rarely granted before final hearing. Beach on Injunctions, cited in *San Juan Racing & Sporting Club et al.* v. *Foote,* 31 P.R.R. 154.

On the other hand, independently of whether the covenant in the lease binding the lessee to keep the building in a good state of repairs bound such lessee to rebuild the roof of a big house—for that is what is meant by the order to replace the roof and the inside partitions and to repair or replace by others the floors, doors and windows—the language of the order is so indefinite and uncertain that compliance therewith would be impossible, because it does not specify the kind of roof to be placed in the building, or whether the repairing applies to all the floors, doors and win-

dows, or what sort of repairs shall be made, so that the execution of the order of injunction could be enforced. The mere fact that the damages are alleged to be irreparable is not of itself sufficient to justify the granting of the writ.

The order appealed from must be reversed and another made denying the petition for injunction filed by defendant Lloveras Soler, without special imposition of costs.

Mr. Justice Hutchison took no part in the decision of this case.